CROSS, Judge.
Appellant-defendant, W. F. Murphy, as Executor of the Estate of Samuel Smith, deceased, appeals an amended final judgment entered in favor of plaintiff, Nell Bumgarner Shoemaker, in an action for damages. We reverse.
On April 26, 1972, the plaintiff, Shoemaker, filed in the County Judge’s Court for Broward County, Florida, a statement of claim for $1,642.21 against the Estate of Samuel Smith seeking reimbursement for obligations undertaken by the plaintiff on behalf of the deceased. Objections to the plaintiff’s statement of claim were filed by two beneficiaries named in Samuel Smith’s will. In response to these objections, the plaintiff. instituted suit on August 4, 1972, in the Court of Record, Broward County, against W. F. Murphy, as Executor of the Estate of Samuel Smith, and the two beneficiaries.
While this suit was pending, the Court of Record for Broward County was abolished due to revision of article V of the Florida Constitution, F.S.A., effective January 1, 1973. Under the revision of article *144 U, Florida Constitution, which took effect on January 1, 1973, jurisdiction over cases pending in the Court of Record of Bro-ward County as of January 1, 1973, was to vest either in the county court or the circuit court, depending upon jurisdiction of the cause, on or after January 1, 1973. The instant case was assigned to the Circuit Court of Broward County, and on January 18, 1973, the circuit court entered final judgment in favor of the plaintiff and against the defendant awarding the plaintiff the sum of $1,642.21.
The defendant then moved the circuit court for relief from the final judgment under Rule 1.540(b), Fla.R.C.P., 31 F.S.A. (1967), alleging that the circuit court lacked jurisdiction. The motion was denied. This appeal followed.
Before January 1, 1973, the Court of Record, Broward County, had exclusive jurisdiction of civil matters in Broward County where the sum in controversy did not exceed $10,000. F.S.A., vol. 1A 1972— 1973, Pocket Supplements, Table of Courts. However, the revision of article V of the Florida Constitution effective January 1, 1973 abolished the Court of Record of Broward County. Circuit courts and county courts were established by revision of article V, Florida Constitution 1973, each county court and circuit court having a distinct jurisdictional sphere. Jurisdiction over controversies at law not exceeding the sum of twenty-five hundred dollars vested in the county court. Article V, § 20(c) 4, Florida Constitution 1973. Jurisdiction in all other actions not cognizable by the county court vested in the circuit court. Article V, § 20(c) 3, Florida Constitution 1973. Jurisdiction to conclude all pending cases in courts that were abolished was to vest in the county court or circuit court according to jurisdiction of the cause. Article V, § 20(d) 1, Florida Constitution 1973.
In the case sub judice the plaintiff’s complaint sought damages in the amount of $1,642.21 for reimbursement for obligations undertaken by the plaintiff on behalf of the deceased. The amount in controversy was less than $2500. It therefore became necessary under the constitutional revision of article V (1973) to re-assign the instant case to the court having jurisdiction over the cause as if the case had been instituted on January 1, 1973, namely, the county court.[1] Since the circuit court did not have jurisdiction of this cause, it was error for the trial judge of the circuit court to deny the defendant’s relief from the final judgment under Rule 1.540(b), Fla.R.C.P.
Accordingly, the amended final judgment of the circuit court is vacated and set aside, and the cause is remanded with directions to transfer the case to the county court for determination.
Reversed and remanded, with directions.
WALDEN and MAGER, JJ., concur.

. A controversy of this type is not one the determination of which is a duty pertaining to the courts of probate. See In re O’Neal’s Estate, 142 So.2d 315 (Fla.App.1962).